

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 2, 1948

Hon. J. B. Burris, President
Board of Barber Examiners
Austin, Texas

Opinion No. V-595

Re: Authority of the State
Board of Barber Examin-
ers to grant licenses
to beauty operators and
beauty schools.

Dear Sir:

Your request for our opinion on the above sub-
ject matter is as follows:

"1. Will it be possible for us to accept
applications for Class 'B' Registered li-
cense from beauty operators who can prove
that they practiced haircutting in a beau-
ty parlor for two years prior to the tak-
ing effect of the Texas Barber Law, and
having been continuously engaged in the
profession since the enactment of the law.

"2. Will it be possible to grant retro-
active approval to beauty schools if they
have been approved by the State Board of
Hairdressers and Cosmetologists, and we
have certain knowledge that they would
have qualified under Section 9 of the
Texas Barber Law as barber schools; thus
making it possible to accept their grad-
uates as applicants for Class 'B' license;
such license to be issued only upon suc-
cessful examination. (Either for Assis-
tant 'B' or Registered 'B', depending on
the amount of experience as in the case
of Class 'A' barbers.)

"3. May we accept applicants for examina-
tion for Assistant Class 'B' license from
graduates of beauty schools approved by

the Board as barber schools under sec-
tion 9 of the Texas Barber Law."

Sections 6 and 16 of Article 734a, V. P. C.,
as amended by Senate Bill No. 20, Acts of the 41st Leg-
islature, 5th C.S., 1930, provide, in part, as follows:

"Sec. 6. . . . Any person who for a
period of two years prior to the taking
effect of this act, was bobbing or cutting
hair in any beauty shop or hair dressing
establishment shall be entitled to a cer-
tificate without taking an examination.
Application shall be made in the same man-
ner as that for 'Class A'. 'Class A' and
'Class B' as used herein shall refer to
the classifications prescribed herein and
shall include Registered Barbers and Re-
gistered Assistant Barbers as defined and
used in the sections of this act. . ."

"Sec. 16. That any person who has for
two years immediately preceding the taking
effect of this act been continuously engag-
ed in the practice of barbering at one or
more established places of business, shall
be granted a certificate of registration as
a Registered Barber without examination by
making application to the Board on or before
the expiration of sixty days after the pass-
age of this act, and by paying the required
fee of Ten Dollars ($10.00). The required
fee as referred to herein, shall mean ten
dollars, but certificates shall be issued
to those entitled thereto according to the
classification under which they may fall,
to wit: 'Class A' and 'Class B'."

In view of the above quoted provisions, those
persons who had practiced hair cutting in a beauty shop
or hairdressing establishment for a period of at least
two years prior to the effective date of Article 734a
were entitled to a certificate without taking an examin-
ation. Construing Sections 6 and 16 together, it is ap-
parent that the Legislature intended, however, that the
exception was to apply to only those persons who made
application to the Board on or before the expiration of
sixty days after the passage of the Act. We are support-
ed in this view by the fact that the Legislature reenact-

ed Section 16 without change in H. B. 329, Acts of the
43rd Legislature, R.S. p. 802.

Therefore, you are advised that applicants for
Class B licenses who had practiced haircutting in beauty
shops for a period of two years prior to the effective
date of the Texas Barber Law (Art. 734a), but did not
make application within the sixty-day period after the
effective date of Article 734a, may not be given a cer-
tificate without examination. However, you may accept
their applications for examinations provided, of course,
they meet the other requirements of the Barber Law.

Section 9 of Article 734a provides:

"Any firm, corporation or person
desiring to conduct or operate a barber
school or college in this state shall
first obtain from the Board of Barber
Examiners a permit to do so, and shall
keep the same prominently displayed. No
such school or college shall be approved
unless such school or college requires
as a prerequisite to graudation a course
of instruction of not less than one thou-
sand hours (1,000), to be completed with-
in a period of not less than six months
and unless said school or college requires
as a prerequisite to the admission there-
to, applicants to demonstrate their abil-
ity to read intelligently and write clear-
ly the English language; and no certificate
or permit shall be issued to an applicant
as provided for herein, unless said appli-
cant demonstrates his or her ability to
read intelligently and write clearly the
English language as determined by an ex-
amination conducted by the Board.

"Such schools or colleges shall in-
struct students in such subjects as may be
necessary and beneficial in teaching the
practice of barbering, including the fol-
lowing subjects: Scientific fundamentals
of barbering; hygienic bacteriology; His-
tology of the hair, skin, muscles and
nerves; Structure of the head, face and
neck; Elementary chemistry relating to
sterilization and antiseptics; Diseases

of the skin and hair; Massaging and manipulating the muscles of the scalp, face, and neck; Haircutting, shaving, and bleaching and dyeing of the hair. However, if said school does not care to teach persons who apply for 'Class A' but only Class B Certificates, shaving need not be taught." (Emphasis added)

There is no provision in the Barber Law which would prohibit a beauty school from also being a school of barbering provided it meets the prerequisites of section 9. It is noted, however, section 9 requires that any firm, corporation, or person desiring to operate a barber school shall <u>first</u> obtain a permit from the Barber Board. Therefore, although a beauty school may meet the requirements of section 9 of the Barber Law, such establishment cannot be recognized as "a school of barbering" until it has received a permit to operate as such. In answer to your second question, it is our opinion that if the beauty schools referred to possess the prerequisites of section 9 above quoted, they may be given a permit to operate a barber school as well as a beauty school; but these permits cannot operate retroactively.

Section 8 of Article 734a provides:

"Any person is qualified to receive a certificate of registration as a registered assistant barber

"(a). Who is at least sixteen and one-half years of age; and

"(b). Who is of good moral character and temperate habits; and

"(c). <u>Who has graduated from a school of barbering approved by the Board</u>; and

"(d). Who has passed a satisfactory examination conducted by the Board to determine his fitness to practice as a registered assistant barber."

If a beauty school has been approved by the Board of Barber Examiners, it is our opinion that such school then becomes "a school of barbering approved by

the Board" within the meaning of section 8, as well as a beauty school, and you may accept its graduates as applicants for examinations for assistant's license.

## SUMMARY

The Board of Barber Examiners cannot grant certificates without examinations to persons who had practiced haircutting for a period of two years prior to the effective date of Article 734a, V. P. C., but who failed to make applications within sixty days after the passage of the Act. The Board of Barber Examiners may, however, accept their applications for examinations, if they meet the other qualifications set out in the Barber Law.

The Board of Barber Examiners may issue a permit to a beauty school to conduct also a barber school if such establishment meets the requirements of section 9 of Article 734a, but such permit cannot operate retroactively. Graduates of such schools after the permit is granted are "graduates of a school of barbering approved by the Board."

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *John Reeves*
John Reeves
Assistant

JR:mw

APPROVED:

*Fagan Dickson*
FIRST ASSISTANT
ATTORNEY GENERAL